DIANE J. HUMETEWA
United States Attorney
District of Arizona

CYNTHIA M. PARSONS
Assistant U.S. Attorney
Arizona State Bar No. 13641
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Email: Cynthia.Parsons@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Esfandiar Nikbakhsh-Tali,<br><br>Petitioner,<br><br>v.<br><br>Alberto R. Gonzales, Thomas Long, Phillip Crawford, Patricia A. Vroom, and Michael Chertoff,<br><br>Respondents. | CIV-07-01526-PHX-NVW<br><br>**RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

Petitioner, Esfandiar Nikbakhsh-Tali ("petitioner"), seeks an award of attorney's fees and related expenses under 28 U.S.C. § 2412(d) (EAJA). The motion should be denied because petitioner failed to follow Local Rule 54.2. Furthermore, respondents contend that petitioner is not a prevailing party, the position of the United States was substantially justified, and special circumstances exist that make an award unjust. Alternatively, if the Court reaches the issue as to a proper awardable amount, the government contends that petitioner's request, in part, is excessive.

## **THE LITIGATION**

This case originated in district court as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which petitioner argued that his continuance detention violated the statutes and Constitution.

On August 8, 2007, petitioner filed a Petition for Writ of Habeas Corpus contending that his continued detention violated the statutes and constitution because his removal was not significantly likely in the reasonably foreseeable future. [ Dkt 1]. Petitioner asked for expedited adjudication , which the Court denied. [Dkt 4,11]. On October 22, 2007, the government responded to the Petition arguing that petitioner had failed to sufficiently allege or demonstrate that his removal was not likely in the immediately foreseeable future.

On December 13, 2007, the Magistrate Judge (MJ) issued a Report and Recommendation (R&R) recommending that the District Court deny the Petition for Writ of Habeas Corpus. (Doc. No. 20.).  The MJ agreed with the government's position and the Court issued a Notice of Intent to Deny giving petitioner an opportunity to respond. Petitioner filed an Objection, along with additional evidence on December 23, 2007. [Dkt. No. 21.]  This Court ordered additional briefing and heard oral argument on the matter on February 14, 2008.

Following oral argument, the Court ordered additional briefing, and took the objections to the Report and Recommendation under advisement. [Dkt. No. 25.] The government filed a brief with an additional declaration detailing Mr. Alfaro's continued contacts with the Iranian Interest Section.[26] Petitioner also filed a supplemental brief. [Dkt. 27] On April 2, 2008, the District Court rejected the Report and Recommendation, referring the matter back to the Magistrate Judge to "consider whether, in light of this new evidence, Petitioner's removal will likely be effectuated in the reasonably foreseeable future." [Dkt. 30.]

On May 14, 2008,  the MJ issued a second R&R (R&R II) [Dkt.31]. On May 30, 2008, the government notified petitioner and the court that they would release petitioner. [Dkt. 34]. On June 4, 2008, this Court adopted the R&R granted the petition.

## ARGUMENT

Eligibility for recovery under 28 U.S.C. § 2412(d) requires (a) that claimant be an eligible prevailing party, (b) that the government's position not be substantially justified, (c) that no special circumstances make an award unjust and (d) that a timely application be supported by an itemized statement. *Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 158 (1990).  Petitioner filed a timely motion and is a prevailing party.  However, petitioner has the burden of proof to

show that fees are warranted. *Love v. Reilly,* 924 F.2d 1492, 1494 (9th Cir. 1991); *see Wininger v. SI Management L.P.,* 301 F.3d 1115, 1125 (9th Cir. 2002) (party petitioning for attorney's fees bears the burden of persuasion on the elements of that claim). Failing that burden of proof, no proper EAJA motion is before the Court. *Fields v. United States,* 29 Fed. Cl. 376 (1993), *aff'd mem.,* 64 F.3d 676 (Fed. Cir. 1995). Because EAJA is a waiver of sovereign immunity, it must be strictly construed in favor of the United States. *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) (citing *Ardestani v. INS*, 502 U.S. 129, 137 (1991)). For the reasons stated below, the government opposes the motion.

## 1.   Petitioner Failed To Comply With LRCiv 54.2.

Petitioner's motion is timely; however, the memorandum, supporting documentation, and itemized statements do not comply with LRCiv 54.2. The Memorandum supporting the motion for a fee award does not comply with the requirements of LRCiv 54.2(c)(3). Neither the Memorandum nor the attached Affidavit address many of the factors required under this Subsection. Specifically, the Memorandum and the attached Affidavit do not discuss the novelty or difficulties of the question presented; the preclusion of other employment; whether the fee was fixed or contingent; time limitations imposed by the client; the undesirability of the case; the nature and length of the professional relationship of between the attorney and client; or awards and similar actions.

The supporting documents required under LRCiv 54.2(d) also are deficient. Petitioner does not include the statement of consultation required under LRCiv 54.2(d)(1). In fact, no consultation occurred. Petitioner also does not attach a complete copy of a written fee agreement, a recitation of an oral fee agreement, or a statement that no fee agreement exists as required by LRCiv 54.2(d)(2). Similarly, neither the Memorandum, nor Affidavit required under LRCiv 54.2(d)(4), discusses terms of the fee agreement or whether the client has paid any of the fees or expenses. The Affidavit does not identify any billing adjustments which have been made or whether the attorney has eliminated unnecessary, duplicate, or excessive time or deleted categories of time.

1        Petitioner's itemized statement of fees and expenses also is seriously deficient.  The

2   itemized statement does not follow the format required under LRCiv 54.2(e)(1).  The statement

3   does not identify the professional who performed the services.  In addition, the description of

4   the services rendered is insufficient.  The Local Rule requires that the description "adequately

5   describes the services rendered so that the reasonableness of the charge can be evaluated" and

6   provides examples.  The description of services in petitioner's itemized statement is insufficient.

7   In virtually every instance, the itemized statement merely says that an unidentified professional

8   reviewed, drafted, edited, or prepared some document.  Although the itemized statement does

9   not list any itemization for telephone calls, in petitioner's Memorandum, page 13, lines 14-15,

10  petitioner requested compensation for copying charges and telephone calls in the amount of

11  $224.17.  Regarding the telephone charges, petitioner does not provide the information required

12  under LRCiv 54.2(e)(2)(A).

13       Petitioner's itemization for legal research again fails to provide sufficient information

14  following the examples in the Local Rules.  As the Local Rules states simply stating "legal

15  research" is inadequate and the Court may reduce the award.  Likewise, petitioner's description

16  of the preparation of pleadings or other papers also is deficient.  LRCiv 54.2(a)(1)(C).

17        Finally, petitioner improperly seeks reimbursement for attorney's fees for travel time.

18  LRCiv 54.2(e)(1)(D) specifically states that travel time should not be charged.  The Local Rule

19  states that if the professional performed professional services during the travel time then those

20  services should be itemized and described,  rather than charging for the travel time.  Petitioner's

21  entry under date and description of her itemized statement for February 13, 2008, includes

22  entries for "travel from San Jose, CA to Phoenix, AZ - 5 hours at a rate of $125 an hour for a

23  total amount of $625".  Another such entry appears for the return trip on February 14, 2008.

24  Petitioner does not itemize or describe any professional services  performed during that time.

25  Petitioner cites cases allowing attorneys to recover travel expenses.  Travel *costs and  expenses*

26  are  awardable under EAJA.  *In'l Woodworkers of America, AFL-CIO, Local 3-98 v. Donovan,*

27  792 F.2d 762, 767 (9th Cir. 1986).  Compensation to an attorney at professional rates for *travel*

28  *time* is another matter.  *Cooper v. United States Railroad Retirement Board,* 24 F.3d 1414, 1417

4

1  (D.C. Cir. 1994) (allowing reimbursement for travel time at half of statutory cap rate). Because
2  the Local Rule does not allow for attorney's fees for travel, the Court should disallow these
3  items.

4      Finally, petitioner's description of expenses incurred does not comply with the Local
5  Rules. Although petitioner included a separate portion of the itemized statement to include
6  expenses, petitioner failed to attach copies of invoices, receipts or disbursements entries.
7  Because petitioner has failed to verify these costs, this Court should deny the costs. LRCiv
8  54.2(e)(3).

9      Respondents specifically dispute each entry on the itemized statement because of failure
10  to comply with Local Rules, insufficient documentation, insufficient description of services and
11  because petitioner attempts to collect  fees for travel time which are not allowable.  Therefore,
12  respondents dispute all date entries beginning with July 27, 2007 through July 4, 2008 and all
13  expenses incurred beginning with August 9, 2007 and ending with February 13, 2008.

14      **2.    Petitioner Is Not The Prevailing Party.**

15      To qualify as a prevailing party under EAJA, petitioner must meet two criteria:
16  (1) he "must achieve a 'material alteration of the legal relationship of the parties'"; and (2) the
17  "alteration must be 'judicially sanctioned.'" *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005)
18  (quoting *Buckhannon*, 532 U.S. at 604-605).  The *Buckhannon* Court made clear that
19  "enforceable judgments on the merits and court-ordered consent decrees create the 'material
20  alteration of the legal relationship of the parties' necessary to permit an award of attorney's
21  fees." *Id.* at 604. Although additional mechanisms for securing a judicially- sanctioned material
22  alteration exist,  a petitioner is only a prevailing party if the resolution of the case involves a
23  material alteration ***and*** includes the necessary judicial imprimatur.  *Id*. at 605 ( emphasis added);
24  *Carbonyl*, 429 F.3d at 898-99.   Alteration brought about through private settlements not
25  sanctioned by a court or voluntary changes by the Government do not qualify a party as a
26  prevailing party under EAJA. *Buckhannon*, 532 U.S. at 604-05; *Perez-Arellano v. Smith*, 279
27  F.3d 791, 795 (9th Cir. 2002).

28      Although the government released petitioner, it did so without the necessary judicial

5

imprimatur. The government did release petitioner after the Magistrate Judge issued a Report and Recommendation recommending release [Dkt. 31    ]. An   R&R, however, is a recommendation only.  The recommendation itself clearly states this.  The Court did  not change the legal relationship of the parties; the government voluntarily did.  The Court did not remand the case to the agency, approve a consent judgment, approve a stipulation, or enter any enforceable judicial order requiring petitioner's release before his release.  Just as in *Perez-Arrellano*, the Court did not enter an enforceable order on the merits before the government released petitioner.  *Perez-Arrellano*, 279 F. 3d at 795.  Although this court did not hold the case in abeyance as did the Court in *Perez-Arrellano*, petitioner did not achieve is release by any action compelled or sanctioned by the Court.

Petitioner's reference in footnote 2 of his motion to the Court order [Dkt 35]is misplaced.  In *Chemical Producers and Distributors Assn. v. Helliker*, 463 F. 3d 871, 877 (9th Cir. 2006) , the court found that voluntary compliance with a Court order did not render a case moot.  In this case the government did not comply with a court order–no court order existed ordering petitioner's release before he was released.  This Court did not cite to this case in deciding whether petitioner was a prevailing party for the purpose of EAJA and did not do so with the benefit of any briefing, by either party, on that issue.

Petitioner's reliance on  *Ali v. Gonzales*,   486 F. Supp. 2d 1197, 1200 (W. D. Wash. 2007) and *Vacchio v. Ashcroft,* 404 F.3d 663 (2d Cir. 2005) are misplaced.  In both cases, the petitioners obtained at least some objective in their case *by Court Order*.  In *Ali,* the Ninth Circuit  did not prevent their removal, but did *order* their release. *Ali*, 486 F. Supp. 2d at 1200.  In *Vacchio,* petitioner was released after the *Court of Appeals ordered* his release. *Vacchio*, 404 F. 3d at 666..  ICE decided to release petitioner before this Court adopted the R&R absent any order requiring them to do so.

### 3.      The Government Was Substantially Justified.

. With respect to the issue of substantial justification, that "legal question will not be precisely the same as the merits; not what the law now is, but whether what the Government was substantially justified in believing it to have been."  *Pierce v. Underwood,* 487 U.S. 552, 561

6

1   (1988).  In *Pierce,* the Supreme Court held that substantial justification meant "justified to a

2   degree that could satisfy a reasonable person."  [1] *Id.* at 565. In *Le v. Astrue,* 529 F.3d 1200, 1201

3   (9th Cir. 2008) the Court held that the government's position is substantially justified if the

4   position is such that it would satisfy a reasonable person.  The government's argument to this

5   Court was reasonable.

6          By adopting the second R&R [Dkt. 31, 25], this Court found that  the government had

7   not sufficiently rebutted petitioner's contention that his removal was not likely in the reasonably

8   foreseeable future.  This finding, however, is not conclusive as to whether the government's

9   position was reasonable and substantially justified.  *Pierce v. Underwood,* 487 U.S. at 569;

10  *United States v. Real Property At 2659 Roundhill Drive, Alamo, Cal.,* 283 F.3d 1146, 1152-53

11  (9th Cir. 2001).  However, the corollary is equally true - the government's failure to prevail raises

12  no presumption that its position was not substantially justified.  *Kali v. Bowen,* 854 F.2d 329,

13  334 (9th Cir. 1988).  Nonetheless,

14                      [h]ere, reasonable people can, and did, think the
                        government's position was justified. Notably, the district
15                      court believed the position of the United States was not
                        only reasonable, but correct.
16                                      .         .         .
                        While an initial victory in the [court] does not
17                      conclusively establish substantial justification (citation
                        omitted), it weighs heavily in the government's favor.
18                      District courts make mistakes, but they generally reject
                        legal positions that are so baseless that reasonable people
19                      could not accept them.  It is a rare case where the
                        arguments of the party that wins in the district court are
20                      not merely wrong but laughable.

21  *Id.* at 1154 (Kozinski, CJ, dissenting); *see also League of Women Voters of Cal. v. F.C.C.,*

22  798 F.2d 1255, 1260 (9th Cir. 1986) (judicial split in Supreme Court decision demonstrated

23  question upon which reasonable minds could differ).  In *Pierce,* the Supreme Court made the

24  same point, albeit in different language:

25                      Conceivably, the Government could take a position that is
                        not substantially justified, yet win; even more likely, it
26                      could take a position that is substantially justified, yet lose.

27  _____

28        [1]  The Supreme Court expressly noted that the Ninth Circuit's reasonable basis both in
     law and fact formulation for the substantial justification test was "no different".  *Id.* at 565.

1    487 U.S. at 568.  In this case, the government argued reasonable positions.

2          Petitioner's EAJA application is limited to the fees for litigation in district court.  To

3    that extent, the Court would look at the government's defense of the detention decisions in this

4    Court.  *Nat'l Wildlife Federation v. F.E.R.C.,* 870 F.2d 542, 546 (9th Cir. 1989).  On the other

5    hand, the substantial justification analysis normally includes the government's litigation position

6    as well as the underlying government action at issue.  *Id.*  Because the substantial justification

7    test "focuses on the governmental misconduct giving rise to the litigation," *Jean,* 496 U.S. at

8    165, and with no such misconduct present in this case, the government has met its burden on the

9    issue.

10         The government took reasonable positions in law and fact, both in their underlying

11   decisions and in litigating  positions before this court.  Respondent's initial litigating position

12   made in their Response in Opposition to the Petition For Writ of Habeas Corpus [Dkt. 17] clearly

13   was reasonable.  The Memorandum establishes pursuant to the statutes and the Supreme Court

14   case law in *Zadvydas* petitioner has the initial burden to establish that his removal was not

15   substantially likely in the reasonably foreseeable future.  *Zadvydas*.  This position resulted in a

16   favorable Report and Recommendation [Dkt. 20] and a Notice of Intent to Deny the Petition.

17   Not until the Notice of Intent was issued did petitioner first produce any evidence at all to

18   support his contention that his removal was not likely in the reasonably foreseeable future– a

19   letter faxed to petitioner's counsel. .This letter was never sent to or received by the government

20   and at the same time, the Iranian Interests section continued to assure deportation officers and

21   Mr. Alfaro that no decision had been made. The government did not receive a similar letter for

22   another two months and even then in personal conversations, the contact at the Pakistani

23   Embassy continued to assure Mr. Alfaro that no decision had been made.

24         Following the Objection to the Report and Recommendation and to the Notice of Intent

25   to Deny, and Respondent's Response to Petitioner's Objection, this Court ordered oral argument.

26   During oral argument, both petitioner and respondents argued regarding the weight and

27   sufficiency varying affidavits and letters regarding the likelihood of removal.  However, this

28   Court did not rule from the bench in favor of petitioner.  Instead, the Court requested further

briefing.  Attached to these various pleadings were affidavits by deportation officers and officials at HQPDU.  In these affidavits the deportation officer and Jaime Alfaro detailed conversations that Mr. Alfaro had with his contact at the Iranian Interest Sections Section with the Embassy of Pakistan Petitioner refers to these conversations as "alleged" conversations, but produced nothing to show that these conversations did not occur.  Nor has he produced anything showing that Mr. Alfaro is not credible.  Clearly, a non frivolous argument can be made that Mr. Alfaro and the deportation officers reasonably relied on the repeated personal verbal assurances of one of their contacts with the Pakistan Embassy who handles Iranian Interests travel documents. Le, 529 F. 3d at 1201.  Mr. Alfaro clearly was reasonable in his reliance on a government official with whom he must regularly do business to obtain travel documents. *Bustamante v. Mukasey*, __F. 3d__ 2008 WL 2669735 at * 3(9th Cir. July 9, 2008)(reliance on another government official is reasonable; "We express no opinion on the accuracy of the information; what is significant is that the consular officer relied on a fellow government official..." ).  Although the court ultimately decided that the information provided by Mr. Jahansoozan to Mr. Alfaro was not sufficient, the government reasonably relied on that information. Although the Court did not agree, the government reasonably contended that personal conversations should have been more persuasive than short two sentence letters.  Given that obtaining travel documents from countries with whom the government has no direct diplomatic relations is cumbersome and complex, requiring the use of third party intermediaries, it is reasonable for the government to rely on these intermediaries and on the information it receives from them, even if the Court finds that it is insufficient to justify continued detention.  *Le.* at 1202.

### 4.  Special Circumstances Exist Because Whether Petitioner's Removal Is Likely Is A Close Question.

Special circumstances exist that counsel against a fee award.  Such special circumstances include the existence of close and novel questions, or those that involve novel, but credible interpretations of the law.  *United States v. Gavilan Joint Community College Dist.*, 849 F.2d 1246, 1249 (9th Cir. 1988). The government contends that this was a close question. The issue of whether removal is substantially likely in the reasonably foreseeable future is

always going to be an issue of fact– in this case a close issue.  The parties and the Court were presented with conflicting information, from essentially the same source, concerning the same alien, yet the information differed. The decision as reflected by the R&R, came down to whether Mr. Jahansoozan's information was more detailed and more likely that the letters being sent. Although the Court did not agree, the government reasonably contended that personal conversations should have been more persuasive than short two sentence letters.  In a case in which no conversations had taken place, the letters may have been sufficient.  The government contends that coupled with the repeated personal conversations and assurances from the Iranian interest section, the question of whether petitioner's removal was likely in the reasonably foreseeable future was a close call.  In close questions, the Court should strictly construe the statute in favor of the government.  *Sorenson,*  239 F.3d at 1148.

### 5.    Certain Categories Of Hours Charged Appear Excessive.

The request appears excessive in regard to the number of hours spent in some categories of preparation. *Hensley,* 461 U.S. at 433-434 (permitting a reduction for duplicative or excessive hours).   Although thorough review and analysis is difficult given the lack of detail and documentation, certain hours claimed appear excessive.  First, the entry for July 7, 2007 for legal research on prolonged detention.  The applicable, seminal decisions on that issue, *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) and *Demore v. Kim*, 538 U.S. 510, 531 (2003) had been out for a number of years..  A simple Westlaw keycite search should  have yielded all the cases needed in a matter of minutes. In addition to *Zadvydas* and *Kim*, in the habeas petition, petitioner cited to only seven cases.  This research should not have taken 7.5 hours.  The entry for 2/11/08, preparation for oral argument also appears excessive.  Petitioner lists six hours for preparation and mock hearing to prepare for a hearing that lasted less than an hour. The law was not in dispute, the parties basically agreed on the standard, and the evidence consisted of a very brief letter and a couple of affidavits.  Preparation for this type of a hearing should not have taken six hours.

1

## **CONCLUSION**

2         Petitioner failed to comply with the Local Rules in preparing this motion.  For this

3 reason alone, the Court should deny it. But if the Court reaches the merits, because the

4 government's position in this action was substantially justified and special circumstances exist

5 which make an award unjust, petition's motion for attorney's fees should be denied.

6 Alternatively, this Court should limit any fee award to the statutory cap, adjusted for the cost of

7 living and reduce the hours awarded.

8         Respectfully submitted this 1st day of August, 2008.

9                                    DIANE J. HUMETEWA
                                     United States Attorney
10                                   District of Arizona

11                                   *s/Cynthia M. Parsons*

12                                   CYNTHIA M. PARSONS
                                     Assistant U.S. Attorney
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Bernadette W. Connolly
Law Offices of Bernadette W. Connolly
1671 The Alameda, Suite 200
San Jose, CA  95126

*s/Cynthia M. Parsons*
_____
Office of the U.S. Attorney