IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Esfandiar Nikbakhsh-Tali,

Petitioner,

vs.

Michael B. Mukasey, et al.,

Respondents.

No. CV 07-1526 PHX-NVW

**ORDER**

Esfandiar Nikbakhsh-Tali's ("Petitioner") Petition for Writ of Habeas Corpus was granted on June 4, 2006 and he was ordered released. (Doc. ## 35, 36.) He now seeks attorneys fees pursuant to the Equal Access to Justice Act, which provides,

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The United States' position in this litigation was "substantially justified" if it had "a reasonable basis in both law and fact." *In re Hunt*, 238 F.3d 1098, 1103 (9th Cir. 2001) (citing *Pierce v. Underwood*, 487 U.S. 552, 558–59 (1988)).

Petitioner sought release from custody on the ground that there was not a significant likelihood of his removal in the reasonably foreseeable future. The original Report & Recommendation ("R&R") from the magistrate judge found that Petitioner had

not met his burden of proof and recommended denial of his petition. Subsequently, Petitioner filed with the court a fax from the Iranian Interest Section of the Embassy of Pakistan. The fax stated that the Islamic Republic of Iran would not be able to issue him a travel document. The fax was not received by the United States. Upon subsequent inquiry by the United States, an official at the Embassy of Pakistan replied that efforts to secure Petitioner's travel documents remained ongoing. A few months later, the United States received a different letter from the Embassy of Pakistan stating that because of an inability to authenticate Petitioner's birth certificate, Iran would not issue him a travel document. The United States again contacted an official at the Embassy of Pakistan, who again reassured the United States that efforts to secure Petitioner's travel documents were ongoing. After hearing this evidence, the court rejected the magistrate judge's first R&R and remanded for further consideration. The magistrate judge's second R&R recommended granting the petition because there was not a significant likelihood that Petitioner would be removed in the foreseeable future. The court adopted the second R&R and ordered Petitioner released.

Petitioner contends that the United States did not have a reasonable basis in fact for its position on remand. The United States position was that, despite the letters, the verbal assurances it received from the Embassy of Pakistan evidenced a significant likelihood that Petitioner would be removed in the foreseeable future. The United States provided affidavits supporting the existence and nature of the reassurances it received. Although the court ultimately disagreed, the United States' position was substantially justified by the evidence. *Cf. In re Hunt*, 238 F.3d at 1103 (holding that a party's position did not have a reasonable basis in fact where the evidence it submitted "had virtually no tendency to prove" its position). Petitioner had to prove that there was significant likelihood of his removal in the reasonably foreseeable future. "Given the vagueness and fact-specific nature of [this] standard, the [United States'] position was reasonable even though incorrect." *Minh Q. Le v, Astrue*, 529 F.3d 1200, 1202 (9th Cir. 2008).

IT IS THEREFORE ORDERED that Esfandiar Nikbakhsh-Tali's Motion for Award of Attorney's Fees (doc. # 38) is denied. The clerk will consider his request for taxable costs in accordance with LRCiv 54.1.

DATED this 21st day of August, 2008.

Neil V. Wake
United States District Judge